| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>New York</u>
(State)

Case number (*If known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    MDX-MDL Holdings, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Diagnostic Laboratories; TridentCare; TridentCare Laboratory

3. **Debtor's federal Employer Identification Number** (EIN)    90-0522605

4. **Debtor's address**

   **Principal place of business**

   930 Ridgebrook Road, 3rd Floor
   Number        Street

   P.O. Box

   Sparks, Maryland        21152
   City        State        ZIP Code

   County

   **Mailing address, if different from principal place of business**

   Number        Street

   P.O. Box

   City        State        ZIP Code

   **Location of principal assets, if different from principal place of business**

   10936 Bigge St.
   Number        Street

   P.O. Box

   San Leandro        CA        94577
   City        State        Zip Code

5. **Debtor's website** (URL)    http://www.tridentusahealth.com/

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

| Debtor | MDX-MDL Holdings, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above.

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>6</u>   <u>2</u>   <u>1</u>   <u>5</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                             MM / DD / YYYY

        District _____  When _____  Case number _____
                                               MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  <u>Please see Annex 1</u>  Relationship  <u>Affiliate</u>

        District  <u>Southern District of New York</u>  When  <u>Date hereof</u>
                                                      MM / DD / YYYY
        Case number, if known  _____

Debtor    MDX-MDL Holdings, LLC
_____    Case number (if known) _____
Name

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number          Street

_____

_____
City                                    State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

██ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets[1]**

☒ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

[1] This estimation of assets is based on the Debtor's historical accounting values and does not include intercompany receivables or payables, if any.

| Debtor | MDX-MDL Holdings, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/10/2019
                MM / DD / YYYY

✗ /s/ David F. Smith, III                              David F. Smith, III
Signature of authorized representative of debtor        Printed name

Title   Chief Financial Officer

---

**18. Signature of attorney**

✗ /s/ Paul D. Leake                              Date   02/10/2019
Signature of attorney for debtor                        MM / DD / YYYY

Paul D. Leake
Printed name
Skadden, Arps, Slate, Meagher & Flom LLP
Firm name
Four Times Square

Number        Street

New York            NY        10036-6522
City                State     Zip Code

(212) 735-3000                          paul.leake@skadden.com
Contact phone                           Email address

2313286                                 NY
Bar number                              State

---

**Annex 1**

**SCHEDULE OF DEBTORS**

      On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|     | Debtor | Employer Identification Number (EIN) |
| --- | --- | --- |
| 1. | MDX-MDL Holdings, LLC | 90-0522605 |
| 2. | Trident Holding Company, LLC | 47-2436396 |
| 3. | American Diagnostics Services, Inc. | 23-2722771 |
| 4. | Community Mobile Diagnostics, LLC | 94-3369341 |
| 5. | Community Mobile Ultrasound, LLC | 26-3043818 |
| 6. | Diagnostic Labs Holdings, LLC | 80-0188024 |
| 7. | FC Pioneer Holding Company, LLC | 81-4586683 |
| 8. | JLMD Manager, LLC | 80-0308470 |
| 9. | Kan-Di-Ki LLC | 95-2706100 |
| 10. | Main Street Clinical Laboratory, Inc. | 27-1150907 |
| 11. | MetroStat Clinical Laboratory – Austin, Inc. | 47-2674366 |
| 12. | MX Holdings, LLC | 80-0308869 |
| 13. | MX USA, LLC | 26-3324885 |
| 14. | New Trident Holdcorp, Inc. | 46-3064913 |
| 15. | Rely Radiology Holdings, LLC | 36-4663284 |
| 16. | Schryver Medical Sales and Marketing, LLC | 84-1229620 |
| 17. | Symphony Diagnostic Services No. 1, LLC | 95-3268980 |
| 18. | Trident Clinical Services Holdings, Inc. | 46-1016262 |
| 19. | Trident Clinical Services Holdings, LLC | 46-1021255 |

| 20. | TridentUSA Foot Care Services LLC | 35-2543787 |
| 21. | TridentUSA Mobile Clinical Services, LLC | 46-1030334 |
| 22. | TridentUSA Mobile Infusion Services, LLC | 61-1705173 |
| 23. | U.S. Lab & Radiology, Inc. | 04-3304988 |

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
Justin M. Winerman (*pro hac vice* pending)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel to Debtors*
*and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-_____ (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

## DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1 AND LOCAL RULE 1007-3

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), Trident Holding Company, LLC ("**Trident**") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") respectfully represent:

1.      The equity in FC Pioneer Holding Company, LLC is owned by the list of equity holders attached as **Exhibit A**.

2.      FC Pioneer Holding Company, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Trident Holding Company, LLC.

3.      Trident Holding Company, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: New Trident Holdcorp, Inc.; Schryver Medical Sales and Marketing, LLC; and Trident Clinical Services Holdings, Inc.

4.      New Trident Holdcorp, Inc. owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: MX Holdings, LLC.

5.      MX Holdings, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: MX USA, LLC.

6.      MX USA, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Diagnostic Labs Holdings, LLC; TridentUSA Mobile Infusion Services, LLC; Symphony Diagnostic Services No. 1, LLC; American Diagnostic Services, Inc.; U.S. Lab & Radiology, Inc.; Rely Radiology Holdings, LLC.

7.      Diagnostics Labs Holdings, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Kan-Di-Ki, LLC.

8.      Kan-Di-Ki, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Community Mobile Diagnostics, LLC and MDX-MDL Holdings, LLC.

9.      Community Mobile Diagnostics, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Community Mobile Ultrasound, LLC.

10.     Rely Radiology Holdings, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: JLMD Manager, LLC.

11.     Schryver Medical Sales and Marketing, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Main Street Clinical Laboratory, Inc. and MetroStat Clinical Laboratory – Austin, Inc.

12.     Trident Clinical Services Holdings, Inc. owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: Trident Clinical Services Holdings, LLC.

13.     Trident Clinical Services Holdings, LLC owns 100% of the partnership, membership, or equity (whichever is applicable) interests in the following Debtors: TridentUSA Mobile Clinical Services, LLC and TridentUSA Foot Care Services LLC.

14.     An organizational chart that illustrates the Debtors' corporate structure is attached as **Exhibit B**.

## **EXHIBIT A**

**FC Pioneer Holding Company, LLC Equity Holders List**

# United States Bankruptcy Court
### Southern District of New York

In re:  **FC Pioneer Holding Company, LLC**                              Case No.  **19-xxxxxx**

Debtor(s)

Chapter  **11**

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in this Chapter 11 Case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| 23 ASSOCIATES, LLC<br>23 SOUTH 23RD ST, #5F<br>PHILADELPHIA, PA  19103 | A | 301 | Class A Unit |
| ANDREI SORAN<br>930 RIDGEBROOK RD<br>SPARKS GLENCOE, MD  21152-9481 | PX | 100 | Class PX Unit |
| ANTHONY ZINGARELLI<br>1617 JFK BOULEVARD, STE 545<br>PHILADELPHIA, PA  19103 | A | 107 | Class A Unit |
| BRUCE DAKIN<br>C/O SCHRYVER MEDICAL, INC.<br>12075 E 45TH AVE #600<br>DENVER, CO  80239 | A | 5 | Class A Unit |
| CA/PIONEER INVESTOR, LLC<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | S | 287 | Class S Unit |
| CA/PIONEER INVESTOR, LLC<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 1,792 | Class A Unit |
| DAVE PAISON<br>C/O SCHRYVER MEDICAL, INC.<br>12075 E 45TH AVE #600<br>DENVER, CO  80239 | A | 7 | Class A Unit |
| DAVID SMITH<br>930 RIDGEBROOK RD<br>SPARKS GLENCOE, MD  21152-9481 | A | 215 | Class A Unit |
| DZA FAMILY, LLC<br>43 WEST 89TH STREET<br>NEW YORK, NY  10024 | A | 74 | Class A Unit |

In re:  **FC Pioneer Holding Company, LLC**                                    Case No.  **19-xxxxxx**
                                       Debtor(s)

# LIST OF EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| EPOCH HOLDINGS INVESTORS, LLC<br>51 SAWYER ROAD, STE 500<br>WALTHAM, MA  02453 | A | 126 | Class A Unit |
| ESTHER SCHONFELD<br>20 LOUMAR PLACE<br>CLIFTON, NJ  07012 | A | 11 | Class A Unit |
| FBH HEALTHCARE, LLC<br>45 MAIN ST, STE 804<br>BROOKLYN, NY  11201 | A | 255 | Class A Unit |
| FC PAC HOLDINGS, LLC<br>ATTN: SCOTT BROWN<br>3500 LENOX RD., STE 510<br>ATLANTA, GA  30326 | A | 17,222 | Class A Unit |
| FORMAX HEALTH HOLDINGS, LLC<br>ATTN: PAMELA ROSEN<br>3500 LENOX RD., STE 510<br>ATLANTA, GA  30326 | A | 381,320 | Class A Unit |
| GAHH, LLC<br>ONE SOUTH STREET<br>27TH FL<br>BALTIMORE, MD  21202 | A | 823 | Class A Unit |
| GCM GROSVENOR CO-INVESTMENT OPPORTUNITIES FUND, L.P.<br>C/O GCM CUSTOMIZED FUND INVESTMENT GROUP, L.P.,<br>ATTN: GENERAL COUNSEL<br>767 FIFTH AVENUE, 14TH FLOOR<br>NEW YORK, NY  10153 | S | 1,960 | Class S Unit |
| GCM SAINT PAUL SPV, LLC<br>C/O GCM CUSTOMIZED FUND INVESTMENT GROUP, L.P.,<br>ATTN: GENERAL COUNSEL<br>767 FIFTH AVENUE, 14TH FLOOR<br>NEW YORK, NY  10153 | S | 5,226 | Class S Unit |
| GCM SPV 14B, LLC<br>C/O GCM CUSTOMIZED FUND INVESTMENT GROUP, L.P.,<br>ATTN: GENERAL COUNSEL<br>767 FIFTH AVENUE, 14TH FLOOR<br>NEW YORK, NY  10153 | A | 3,747 | Class A Unit |

Sheet 2 of 5  in List of Equity Security Holders

In re:  **FC Pioneer Holding Company, LLC**                           Case No.  **19-xxxxxx**

<div align="center">Debtor(s)</div>

# LIST OF EQUITY SECURITY HOLDERS

<div align="center">(Continuation Sheet)</div>

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| H GROSS FAMILY, LP<br>444 MADISON AVE<br>NEW YORK, NY  10022 | A | 197 | Class A Unit |
| HCCF MANAGEMENT GROUP, INC.<br>3500 LENOX RD NE 510<br>ATLANTA, GA  30326 | A | 203 | Class A Unit |
| JENNIFER HOLT<br>C/O SCHRYVER MEDICAL, INC.<br>12075 E 45TH AVE #600<br>DENVER, CO  80239 | A | 2 | Class A Unit |
| JOSEPH A. WILLIAMSON<br>107 YOUNGS RD, BOX 450<br>UNIONVILLE, PA  19375 | A | 59 | Class A Unit |
| K/O ARIA, LLC<br>1428 36TH ST., STE 200<br>BROOKLYN, NY  11218 | A | 64 | Class A Unit |
| LEERINK HOLDINGS LLC<br>1 FEDERAL STREET, 37TH FLOOR<br>BOSTON, MA  02110 | A | 226 | Class A Unit |
| LEERINK SWANN CO-INVESTMENT FUND LLC<br>1 FEDERAL STREET, 37TH FLOOR<br>BOSTON, MA  02110 | A | 126 | Class A Unit |
| LIPSCHUTZ MANAGEMENT<br>191 UNIVERSITY BLVD., #475<br>DENVER, CO  80206 | A | 14 | Class A Unit |
| MARK PARRISH<br>4442 PRAIRIE AVE.<br>MIAMI BEACH, FL  33140 | PY | 100 | Class PY Unit |
| MARK PARRISH<br>4442 PRAIRIE AVE.<br>MIAMI BEACH, FL  33140 | A | 215 | Class A Unit |
| MCP ARIA, LLC<br>6633 N. LINCOLN<br>LINCOLNWOOD, IL  60712 | A | 212 | Class A Unit |
| MDK INVESTMENT HOLDINGS, LLC<br>474 PRIMROSE DRIVE<br>LANSDALE, PA  19446 | A | 220 | Class A Unit |

Sheet 3 of 5  in List of Equity Security Holders

In re:  **FC Pioneer Holding Company, LLC**                              Case No.   **19-xxxxxx**

<div align="center">Debtor(s)</div>

# LIST OF EQUITY SECURITY HOLDERS

<div align="center">(Continuation Sheet)</div>

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| METRO HC, LLC<br>153-90 ROCKAWAY BLVD.<br>JAMAICA, NY  11434 | A | 37 | Class A Unit |
| NEUWING, LLC<br>C/O SAFANAD INC.<br>505 FIFTH AVENUE, 24TH FL<br>NEW YORK, NY  10017 | A | 26 | Class A Unit |
| RAY WIRTA<br>81 EMERALD BAY<br>LAGUNA BEACH, CA  92651 | A | 55 | Class A Unit |
| RCP SCHRYVER CO-INVEST FUND BLOCKER, INC.<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 4,185 | Class A Unit |
| RCP SCHRYVER FUND I BLOCKER, INC.<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 16,741 | Class A Unit |
| SAFANAD STAR MIDCO INC.<br>505 5TH AVENUE 24TH FLOOR<br>NEW YORK, NY  10017 | A | 12,887 | Class A Unit |
| SCHRYVER MEDICAL BLOCKER, INC.<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 870 | Class A Unit |
| SCHRYVER MEDICAL HOLDINGS, LLC<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 63,097 | Class A Unit |
| SCHRYVER/TRIDENT INVESTORS, LLC<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 36,000 | Class A Unit |

Sheet 4 of 5  in List of Equity Security Holders

In re:  **FC Pioneer Holding Company, LLC**                    Case No.   **19-xxxxxx**

<div align="center">Debtor(s)</div>

# LIST OF EQUITY SECURITY HOLDERS

<div align="center">(Continuation Sheet)</div>

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| SEF COMPASSUS III, LLC<br>7600 CHELTENHAM AVE.<br>WYNDMOOR, PA  19038 | A | 859 | Class A Unit |
| SENIOR CARE HOSPICE, LLC<br>234 CHURCH ST, STE 901<br>NEW HAVEN, CT  06510 | A | 218 | Class A Unit |
| THOMAS MCCAFFERY<br>101 ROCK RD.<br>HORSHAM, PA  19044 | A | 215 | Class A Unit |
| VIRGINIA INVESTMENT PARTNERS, LLC<br>94 VIRGINIA AVE.<br>CLIFTON, NJ  07012 | A | 13 | Class A Unit |
| WP TS BLOCKER, LLC<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | S | 719 | Class S Unit |
| WP TS BLOCKER, LLC<br>C/O REVELSTOKE CAPITAL PARTNERS LLC<br>ATTN: SIMON BACHLEDA, ARION ROBBINS<br>3033 EAST 1ST AVENUE, SUITE 501<br>DENVER, CO  80206 | A | 7,308 | Class A Unit |
| YUKON CAPITAL PARTNERS II, L.P.<br>8500 NORMANDALE LAKE BLVD, SUITE 830<br>MINNEAPOLIS, MN  55437 | A | 1,344 | Class A Unit |

## **Exhibit B**

**Organizational Chart**



FC Pioneer Holding Company, LLC
Trident Holding Company, LLC
New Trident Holdcorp, Inc.
Schryver Medical Sales and Marketing, LLC
Trident Clinical Services Holdings, Inc.
MX Holding, LLC
Main Street Clinical Laboratory, Inc.
MetroStat Clinical Laboratory-Austin, Inc.
Trident Clinical Services Holdings, LLC
MX USA, LLC
TridentUSA Foot Care Services LLC
TridentUSA Mobile Clinical Services, LLC
Diagnostic Labs Holdings, LLC
TridentUSA Mobile Infusion Services, LLC
Symphony Diagnostic Services No. 1, LLC
American Diagnostics Services, Inc.
U.S. Lab & Radiology, Inc.
Rely Radiology Holdings, LLC
Kan-Di-Ki, LLC
JLMD Manager, LLC
Community Mobile Ultrasound, LLC
MDX-MDL Holdings, LLC
Community Mobile Diagnostics, LLC

| Fill in this information to identify the case: |
|---|

Debtor name        **Trident Holding Company, LLC, *et al.***

United States Bankruptcy Court for the:   Southern ___ District of ___ New York ___
                                                                              (State)

Case number (If known): _____

☐ Check if this is
an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

Set forth below is a list of creditors holding the thirty (30) largest unsecured claims against the Debtors, as of 2/10/19.  This list has been prepared on a consolidated basis, based upon the books and records of the Debtors, and in accordance with Bankruptcy Rule 1007(d), for filing in the Debtors' chapter 11 cases.  This list does not include (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code, (2) secured creditors, or (3) claims held by the Debtors' employees.

The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors and the failure to list a claim as contingent, disputed, or subject to set off shall not be a waiver of any of the Debtors' rights relating thereto.

| Name of creditor | | Address, name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1. | Grosvenor Capital Management | Grosvenor Capital Management c/o GCM Customized Fund Investment Group, L.P. Attn: General Counsel 767 Fifth Ave., 14th Floor New York, NY 10153 Tel: (646) 362-0919 Email: legal@gcmlp.com | Promissory Notes | | $79,942,817.87 | | |
| 2. | Jones Day | Jones Day Attn: Robert Ducatman 901 Lakeside Avenue Cleveland, OH 44114-1190 Tel: (216) 287-0556 Email: rducatman@jonesday.com | Professional Services | | $2,336,864 | | |

| | | | | |
|---|---|---|---|---|
| 3. | Konica Minolta Healthcare Americas, Inc. | Konica Minolta Healthcare Americas, Inc. Attn: Robert Salzman 829 Virginia Rd. Ste. A Crystal Lake, IL 60014 Tel: (815) 351-6143 Email: bob.salzman@2020imaging.net | Trade Debt | $1,939,204 |
| 4. | Beckman Coulter Inc. | Beckman Coulter, Inc. Attn: Ron Taylor, Sr. 250 South Kraemer Blvd. Brea, CA 92821-6232 Tel: (480) 247-1172 Email: rctaylor@beckman.com | Trade Debt | $1,550,852 |
| 5. | Hinduja Global Solutions, Inc. d/b/a HGS EBOS, LLC | Hinduja Global Solutions, Inc. HGS EBOS LLC Attn: Daniel A. Schulte 1249 South River Road Cranbury, NJ 08512 Tel: (609) 759-5200 Email: daniel.schulte@teamhgs.com | Trade Debt | $1,372,929 |
| 6. | McKesson Medical Surgical, Inc. | McKesson Medical Surgical, Inc. Attn: Charles "Chuck" Saul 1951 Bishop Lane, Ste. 300 Louisville, KY 40218 Tel: (206) 551-3539 Email: Charles.Saul@McKesson.com | Trade Debt | $1,151,213 |
| 7. | KPMG, LLP | KPMG LLP Attn: Elliott Skrinjar 500 Grant St., Suite 3400 Pittsburgh, PA 15219 Tel: (412) 916-4778 Email: eskrinjar@kpmg.com | Trade Debt | $1,026,778 |
| 8. | Quest Diagnostics | Quest Diagnostics Attn: Michael Prevoznik 500 Plaza Drive Secaucus, NJ 07094 Tel: 1 (800) 222-0446 Email: Michael.e.prevoznik@questdiagnostics.com | Trade Debt | $988,069 |
| 9. | Cardinal Health Medical Products & Services | Cardinal Health Medical Products & Services Attn: Ryan Cox 7000 Cardinal Place Dublin, OH 43017 Tel: (503) 754-3191 Email: Ryan.Cox@cardinalhealth.com | Trade Debt | $772,762 |
| 10. | Nebo Systems Inc. | Nebo Systems, Inc. Attn: Merideth Wilson P.O. Box 886133 El Monte, CA 91731 Tel: (404) 432-4084 Email: Merideth.Wilson@experian.com | Trade Debt | $772,642 |
| 11. | Laboratory Corp. of America Holdings | Laboratory Corp. of America Holdings Attn: Brad Collie 31 South Spring Street Burlington, NC 27215 Tel: (615) 210-7018 Email: Collieb@LabCorp.com | Trade Debt | $730,657 |
| 12. | Verizon | Verizon Attn: Rebecca Holliday 6200 Canoga Ave., Ste. 100 Woodland Hills, CA 91364 Tel: (310) 339-4157 Email: rebecca.holliday@verizonwireless.com | Trade Debt | $675,364 |

| | | | | |
|---|---|---|---|---|
| 13. | Telcor, Inc. | Telcor, Inc.<br>Attn: Jim Terrano<br>7101 A Street<br>Lincoln, NE 98510<br>Tel: (402) 489-1207<br>Email: jim.terrano@telcor.com | Trade Debt | | $648,027 |
| 14. | Ropes & Gray, LLP | Ropes & Gray, LLP<br>Attn: Kendrick Chow<br>The Prudential Tower<br>800 Boylston Street<br>Boston, MA 21993<br>Tel: (617) 320-0050<br>Email: Kendrick.Chow@ropesgray.com | Professional Services | | $645,336 |
| 15. | Biomerieux, Inc. | Biomerieux, Inc.<br>Attn: David Hill, Sr.<br>P.O. Box 500308<br>St. Louis, MO 63150-0308<br>Tel: (480) 250-9634<br>Email: Dave.HILL@biomerieux.com | Trade Debt | | $596,839 |
| 16. | Metropolitan Life Insurance Co. | Metropolitan Life Insurance Co.<br>Attn: Colleen Delby<br>177 S. Commons Drive<br>Aurora, IL 60504<br>Tel: (630) 978-6177<br>Email: cdelby@metlife.com | Trade Debt | | $478,373 |
| 17. | Element Fleet Corporation | Element Fleet Corporation<br>Attn: Jim Spellissy<br>940 Ridgebrook Road<br>Sparks Glencoe, MD 21152<br>Tel: (410) 771-2828<br>Email: jspellissy@elementcorp.com | Trade Debt | | $473,277 |
| 18. | American Express | American Express<br>Attn: Laureen Seeger<br>200 Vesey St.<br>New York, New York 10285<br>Tel: (212) 619-9802<br>Email: amexsru@aexp.com | Trade Debt | | $412,400 |
| 19. | Bard Access Systems Inc. | Bard Access Systems Inc.<br>Attn: David Blaber<br>605 North 5600 West<br>Salt Lake City, UT 84116<br>Tel: (801) 792-3071<br>Email: david.blaber@crbard.com | Trade Debt | | $401,792 |
| 20. | Change Healthcare Solutions LLC | Change Healthcare Solutions, LLC<br>Attn: Kevin Porter<br>3055 Lebanon Pike Suite 1000<br>Nashville, TN 37214<br>Tel: (615) 932-2624<br>Email: KPorter@changehealthcare.com | Trade Debt | | $389,761 |
| 21. | Alston & Bird LLP | Alston & Bird, LLP<br>Attn: Bill Jordan<br>1201 Peachtree St. NW<br>Atlanta, GA 30309<br>Tel: (404) 693-4067<br>Email: BillJordan@alston.com | Trade Debt | | $383,263 |
| 22. | Roche Diagnostics Corp. | Roche Diagnostics Corp.<br>Attn: Lisa Morris<br>9115 Hague Road<br>Indianapolis, IN 46250<br>Tel: (561) 693-8380<br>Email: lisa.morris@roche.com | Trade Debt | | $370,120 |

| | | | | |
|---|---|---|---|---|
| 23. | TIS International Inc. d/b/a Infinx Healthcare | TIS International Inc. d/b/a Infinx Healthcare Attn: Jaideep Tandon & Sameer Sheth 4340 Stevens Creek Blvd. Ste 275 San Jose, CA 95129 Tel: (408) 404-0550 Email: Sameer.Sheth@Infinx.com | Trade Debt | | $366,076 |
| 24. | E5 Workflow Inc. | E5 Workflow Inc. Attn: Michael Marshall 8805 N. 145th E. Ave. Suite 204 Owasso, OK 74055 Tel: (918) 902-4310 Email: mmarshall@e5workflow.com | Trade Debt | | $300,778 |
| 25. | PCM, Inc. | PCM, Inc. Attn: Dikla Elmalich 1940 E. Mariposa Ave. El Segundo, CA 90245 Tel: (514) 373-8003 Email: dikla.elmalich@pcm.com | Trade Debt | | $289,564 |
| 26. | Source Ray, Inc. | Source Ray Inc. Attn: Ray Manez 50 Fleetwood Ct. Ronkonkoma, NY 11779 Tel: (631) 244-8200 Ext. 302 Email: rmanez@sourceray.com | Trade Debt | | $284,816 |
| 27. | Merchants Fleet | Merchants Fleet Attn: Jack G. Firriolo 1278 Hooksett Rd. Hooksett, NH 03106 Tel: (603) 695-9330 Email: jackfirriolo@MerchantsFleet.com | Trade Debt | | $282,023 |
| 28. | Cepheid | Cepheid Attn: Keith Stapp 904 E. Caribbean Drive Sunnyvale, CA 94089 Tel: (805) 795-1137 Email: keith.stapp@cepheid.com | Trade Debt | | $274,800 |
| 29. | Greyhound Lines | Greyhound Lines Attn: Tom Paonessa 205 S. Lamar Dallas, TX 75202 Tel: (469) 401-3919 Email: tom.paonessa@greyhound.com | Trade Debt | | $258,730 |
| 30. | MetroStat Diagnostic Services | MetroStat Diagnostic Services c/o Baker Donelson Attn: Kelly J. Davidson 100 Light Street Baltimore, MD 21202 Tel: (410) 862-1195 Email: kdavidson@bakerdonelson.com | Contract & Litigation | Disputed, Unliquidated | Unliquidated |

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name <u>Trident Holding Company, LLC, *et al.*</u> |
| United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u><br>(State) |
| Case number (*If known*): |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Consolidated Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration   <u>Consolidated Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>02/10/2019</u>          X <u>/s/ David F. Smith, III</u>
      MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                  <u>David F. Smith, III</u>
                                  Printed name

                                  <u>Chief Financial Officer</u>
                                  Position or relationship to debtor

**ACTION BY
WRITTEN CONSENT OF
THE GOVERNING BODIES
OF**

**AMERICAN DIAGNOSTICS SERVICES, INC.
COMMUNITY MOBILE DIAGNOSTICS, LLC
COMMUNITY MOBILE ULTRASOUND, LLC
DIAGNOSTIC LABS HOLDINGS, LLC
JLMD MANAGER, LLC
KAN-DI-KI, LLC
MAIN STREET CLINICAL LABORATORY, INC.
MDX-MDL HOLDINGS, LLC
METROSTAT CLINICAL LABORATORY - AUSTIN, INC.
MX HOLDINGS, LLC
MX USA, LLC
NEW TRIDENT HOLDCORP, INC.
RELY RADIOLOGY HOLDINGS, LLC
SCHRYVER MEDICAL SALES AND MARKETING, LLC
SYMPHONY DIAGNOSTIC SERVICES NO. 1, LLC
TRIDENT CLINICAL SERVICES HOLDINGS, INC.
TRIDENT CLINICAL SERVICES HOLDINGS, LLC
TRIDENT HOLDING COMPANY, LLC
TRIDENTUSA FOOT CARE SERVICES LLC
TRIDENTUSA MOBILE CLINICAL SERVICES, LLC
TRIDENTUSA MOBILE INFUSION SERVICES, LLC
U.S. LAB & RADIOLOGY, INC.**

February 9, 2019

The members of the board of directors, the managers of the board of managers, or the sole member, manager, or shareholder, as the case may be (as applicable, the "**Governing Body**"), of each of the entities referenced above (each, a "**Company**" and collectively, the "**Companies**"), do hereby consent to the taking of the following actions and do hereby adopt the following resolutions pursuant to the bylaws, operating agreement, or limited liability company agreement, or similar document as applicable, of each respective Company and the applicable laws of the jurisdiction in which such Company is organized, and with the same force and effect as if they were approved and adopted by a duly constituted meeting of such Governing Body:

WHEREAS, the Governing Body of each Company has considered presentations by the management of, and the financial and legal advisors to, such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it, and the effect of the foregoing on such Company's business, creditors, and other parties in interest;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with such Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to such Company;

WHEREAS, the Governing Body of each Company previously approved the form, terms, and provisions of a restructuring support agreement (the "**RSA**"), and the execution, delivery, and performance by each such Company of the RSA, and, on February 9, 2019, an Authorized Person of each such Company and certain of its affiliates entered into the RSA with (i) the Consenting Priority Lenders, (ii) the Consenting First Lien Lenders, and (iii) the Consenting Second Lien Lenders, each as defined therein;

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Governing Body of each Company has determined that it is in the best interest of such Company, its subsidiaries, their respective stakeholders, and other parties in interest, for such Company and its subsidiaries to take the actions specified in the following resolutions;

*Chapter 11 Case*

WHEREAS, the Governing Body of each Company has been presented with a proposed petition to be filed by such Company in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, deem it advisable and in the best interests of such Company, its creditors, and other interested parties that a petition be filed by such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its subsidiaries, creditors, employees, stakeholders, and other interested parties, that a voluntary petition be filed by such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each Company's appointed officers, (each, an "**Authorized Person**"), hereby is, authorized and empowered, on behalf of and in the name of each applicable Company, to execute and verify a petition in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of such Company shall determine.

2

*DIP Facility*

WHEREAS, NEW TRIDENT HOLDCORP, INC., a Delaware corporation ("**Trident Borrower**"), TRIDENT CLINICAL SERVICES HOLDINGS, INC., a Delaware corporation ("**Clinical Services Borrower**"), and SCHRYVER MEDICAL SALES AND MARKETING, LLC, a Colorado limited liability company ("**Schryver Borrower**" and, together with the Trident Borrower and the Clinical Services Borrower, each a "**Borrower**", and collectively, the "**Borrowers**"), as borrowers, have requested that certain lenders under the Borrowers' Priority Lien Credit Facility (collectively with Silver Point Finance, LLC, as agent under such DIP Facility, the "**DIP Lenders**") provide them with a debtor-in-possession superpriority credit facility, consisting of a two-draw new money term loan facility up to an aggregate principal amount of $50 million (the "**DIP Facility**") subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning the DIP Facility (the "**DIP Financing Orders**") and the other DIP Documents (as defined below);

WHEREAS, in connection with the DIP Facility, the DIP Lenders are requiring that Trident Holding Company, LLC, a Delaware limited liability company ("**Holdings**"), and certain subsidiaries of the Borrowers (the "**DIP Guarantors**," and together with Holdings, the Borrowers, and any other subsidiary of the Borrowers that grants a lien to secure the DIP Facility, the "**Loan Parties**") and guaranties the obligations under the DIP Facility, on a joint and several basis (collectively, the "**DIP Guaranties**" and, each, a "**DIP Guaranty**");

WHEREAS, in connection with the DIP Facility, the DIP Lenders are requiring that the Loan Parties grant continuing security interests in substantially all of their respective assets and personal property that now of hereafter come into the possession, custody, or control of the Loan Parties, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Facility, subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Facility (the "**DIP Financing Orders**") and the other DIP Documents;

WHEREAS, in connection with the DIP Facility and the transactions contemplated thereby, each Loan Party is contemplated to enter into a credit agreement in such form as may be approved by any Authorized Person of such Loan Party, and such Loan Party and certain of its subsidiaries, if any, may be required to enter into, execute, and/or deliver certain other instruments, agreements, certificates, or documents related thereto, including, without limitation, financing term sheets or proposals, Uniform Commercial Code financing statements, intellectual property security agreements, control agreements, cash collateral agreements, assignment agreements, stock powers, transfers of interest or other transfer powers (as applicable), mortgages, deeds of trust, debentures, share pledges, pledge agreements, security agreements, other collateral documents, reaffirmation agreements, intercreditor or subordination agreements, forbearance agreements, intercompany subordination agreements, intercompany notes, fee letters, and payoff letters and such other agreements, instruments, documents, or certificates otherwise identified in or contemplated by the DIP Facility, each in such forms as may be

3

approved by any Authorized Person (all of the foregoing, collectively with the DIP Guaranties and the DIP Financing Orders, the "**DIP Documents**"); and

WHEREAS, as the Governing Body of each Loan Party has determined that the DIP Facility is in the best interests of such Loan Party, its subsidiaries, if any, and their respective stakeholders, and, that it is in the best interests of such Loan Party and its subsidiaries, if any, to (i) consummate the financing contemplated by the DIP Facility, (ii) execute and deliver the DIP Documents, and (iii) authorize any Authorized Person of such Loan Party to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that (i) the DIP Facility, in the amounts and on the terms and conditions set forth in the term sheet provided to the Governing Body of each Loan party, or such other amounts, terms and conditions as deemed necessary, desirable, or appropriate by any Authorized Person of such Loan Party, (ii) the transactions contemplated thereby (including the borrowing of loans thereunder), and (iii) the execution and delivery by each Loan Party of any DIP Documents evidencing or in connection with the DIP Facility and the performance by such Loan Party of all of its obligations thereunder and under the DIP Financing Orders, be, and they hereby are, in all respects, authorized, ratified, approved, and adopted by the applicable Governing Body on behalf of such Loan Party; and be it further

RESOLVED, that each Authorized Person be, and each of them hereby is, authorized to, in the name of and on behalf of each applicable Loan Party, (i) negotiate, execute, deliver, and perform such Loan Party's obligations under the DIP Documents, including, without limitation, the granting of the security interests and liens contemplated thereby and the incurrence of other obligations contemplated thereunder, and carry out such Loan Party's duties thereunder, (ii) borrow any loans or incur other indebtedness in any amounts according to the terms of the DIP Documents, (iii) extend or renew any loans, advances, or other extensions of credit or any installment of principal or interest thereof or any indebtedness owing to any DIP Lender, and (iv) negotiate, execute and deliver all other agreements, instruments, and documents in connection therewith and any and all amendments, waivers, or other modifications thereto and take or cause to be taken any and all such further actions, in each case on such terms and conditions as any Authorized Person may deem necessary, desirable, or appropriate, in each case, the delivery thereof or the taking of such action by any such Authorized Person to conclusively evidence the approval thereof by the Governing Body of such Loan Party; and be it further

RESOLVED, that each Loan Party be, and hereby is, authorized and empowered and directed to grant security interests in, and pledge its right, title, and interest in, substantially all present and after-acquired assets and properties of such Loan Party, all proceeds thereof, including, real property, trademarks, patents, copyrights, and licenses therefor, the capital stock of or equity interests in its subsidiaries and the proceeds of any of the foregoing, as required or contemplated by the DIP Facility, the DIP Documents and/or any of the other agreements entered into pursuant thereto or in connection therewith, or as any Authorized Person of such Loan Party may deem

4

necessary, advisable, or proper to carry out the terms, intents and purposes of the DIP Documents, the transactions contemplated thereby and the resolutions related thereto, subject to such exceptions and limitations as set forth in any applicable DIP Documents; and be it further

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, in the name and on behalf of each applicable Loan Party, in connection with the term loan transactions contemplated by the DIP Documents, to grant any liens on or any security interests in the cash collateral and related accounts, financial assets and other related assets, as contemplated by or specified in the DIP Documents and the filing of Uniform Commercial Code financing statements and amendments to such Uniform Commercial Code financing statements or any other document, in any jurisdictions and with any filing offices as contemplated by or specified in the DIP Documents in connection with the term loan transactions contemplated thereby, and/or the entering into of any cash collateral agreement and other agreement or instrument, to perfect the security interests granted pursuant to any DIP Document in connection with the term loan transactions contemplated thereby; and be it further

RESOLVED, that the filing of Uniform Commercial Code financing statements and amendments and continuation statements thereto, any other filings, recordations, registrations or any other document, in any jurisdictions or with any filing offices as contemplated by or specified in the relevant DIP Documents or otherwise advisable and/or the entering into of any other agreement or instrument, necessary or advisable to create, register, or perfect the security interests granted by each Loan Party pursuant to the relevant DIP Documents or any related transaction document is hereby authorized in such form as any Authorized Person of such Loan Party shall approve.

*Retention of Professionals*

FURTHER RESOLVED, that the Authorized Persons, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation, the law firm Skadden, Arps, Slate, Meagher & Flom LLP, to act as chapter 11 counsel; Togut, Segal & Segal LLP to act as co-counsel; PJT Partners LP to act as investment banker and as financial advisor; Ankura Consulting Group, LLC to act as restructuring advisor; and Epiq Corporate Restructuring, LLC to act as claims and noticing agent and administrative advisor; and in connection herewith each Authorized Person  is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing.

*General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person is hereby, authorized and empowered, on behalf of and in the name of each applicable Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed,

verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company and certain of its subsidiaries and affiliates), including the DIP Facility and refinancings or amendments thereof, with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of such Company's business; and it is further

RESOLVED, that the Authorized Persons of each applicable Company be, and each of them is, authorized to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

RESOLVED, that each Authorized Person be, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each applicable Loan Party, to negotiate, execute, deliver, record, and/or file all DIP Documents and any other documents, agreements, certificates, and instruments required by or contemplated in connection therewith, and to do any and all other acts as may be required or as they, or any of them, may deem necessary or proper to carry out and perform, to give effect to, or to cause such Loan Party to comply with, the terms of, or the transactions contemplated by the DIP Facility and the DIP Documents and any other related agreement or document that any such Authorized Person may deem necessary or proper to consummate the transactions contemplated by the foregoing, any such

Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement or instrument to be conclusive evidence of such Loan Party's approval thereof, and to honor and discharge its obligations thereunder; and it is further

RESOLVED, that each Authorized Person, is hereby, authorized and empowered, on behalf of and in the name of the applicable Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person is hereby, authorized and empowered, on behalf of and in the name of the applicable Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person is hereby, authorized and empowered, on behalf of and in the name of the applicable Company, to pay and direct the payment of all fees and expenses (including fees payable to the DIP Agent and the DIP Lenders in connection with the DIP Facility) as in the judgment of such Authorized Person or Authorized Persons shall be necessary, proper, appropriate, desirable, or advisable of such Authorized Person or Authorized Persons to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of any applicable Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of each applicable Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Governing Body of such Company; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable,

7

proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that the authority conferred upon any Authorized Person of each applicable Company by this Action by Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Action by Written Consent of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable or appropriate to consummate, effectuate, carry out, perform or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each applicable Company, or hereby waive any right to have received such notice; and it is further

RESOLVED, that MX USA, LLC, as shareholder and Shareholder Representative (as such term is defined in the by-laws of American Diagnostics Services, Inc., a Pennsylvania corporation ("**ADS**")) of ADS, hereby waives any right to receive notice of the proposed vote, resolution, or actions relating to ADS that are contemplated by this Action by Written Consent and authorizes each of the actions and transactions relating to the matters contemplated by the foregoing resolutions as it relates to ADS; and it is further

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be and hereby are authorized and empowered to take all actions or not to take any action in the name of each applicable Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, manager (or similar role) of each subsidiary of such Company, in each case, as such Authorized Persons or Authorized Persons shall deem necessary proper, appropriate, desirable or advisable to effectuate the purposes of the transactions contemplated herein, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of the financing transactions contemplated herein; and it is further

RESOLVED, that this Action by Written Consent may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to constitute one or the same Action by Written Consent.

8

\*\*\*

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the undersigned, being all the managers of the Board of Managers of each entity on **Schedule 2** attached hereto has duly executed and caused this Action by Written Consent to be delivered as of the date first written above.


By:  _____

      Name:   Andrei Soran
      Title:    Manager


By:  _____

      Name:   Thomas McCaffery
      Title:    Manager


By:  _____

      Name:   Alexander Greene
      Title:    Manager


[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned, being all the managers of the Board of Managers of each entity on **Schedule 2** attached hereto has duly executed and caused this Action by Written Consent to be delivered as of the date first written above.

By: _____
     Name:  Andrei Soran
     Title:  Manager

By: _____
     Name:  Thomas McCaffery
     Title:  Manager

By: _____
     Name:  Alexander Greene
     Title:  Manager

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned, being all the managers of the Board of Managers of each entity on **Schedule 2** attached hereto has duly executed and caused this Action by Written Consent to be delivered as of the date first written above.

By: _____
     Name:  Andrei Soran
     Title:   Manager

By: _____
     Name:  Thomas McCaffery
     Title:   Manager

By: _____
     Name:  Alexander Greene
     Title:   Manager

[Signature Page to Omnibus Resolutions]

**Schedule 2**

| Company | Jurisdiction of  Organization of Company |
|---|---|
| COMMUNITY MOBILE DIAGNOSTICS, LLC | CA |
| COMMUNITY MOBILE ULTRASOUND, LLC | CA |
| DIAGNOSTIC LABS HOLDINGS, LLC | DE |
| JLMD MANAGER, LLC | DE |
| KAN-DI-KI, LLC | CA |
| MDX-MDL HOLDINGS, LLC | NY |
| MX HOLDINGS, LLC | DE |
| SYMPHONY DIAGNOSTIC SERVICES NO. 1, LLC | CA |
| TRIDENT CLINICAL SERVICES HOLDINGS, LLC | DE |
| TRIDENTUSA FOOT CARE SERVICES LLC | DE |
| TRIDENTUSA MOBILE CLINICAL SERVICES, LLC | DE |
| TRIDENTUSA MOBILE INFUSION SERVICES, LLC | DE |