SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
Justin M. Winerman (*pro hac vice* pending)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel to Debtors*
*and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **MDX-MDL HOLDINGS, LLC** | Case No. 19-10383 (___) |
| **Debtor** | Tax I.D. No. 90-0522605 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENT HOLDING COMPANY, LLC** | Case No. 19-10384 (___) |
| **Debtor** | Tax I.D. No. 47-2436396 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AMERICAN DIAGNOSTICS SERVICES, INC.** | Case No. 19-10385 (___) |
| **Debtor** | Tax I.D. No. 23-2722771 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **COMMUNITY MOBILE DIAGNOSTICS, LLC** | Case No. 19-10386 (___) |
| **Debtor** | Tax I.D. No. 94-3369341 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **COMMUNITY MOBILE ULTRASOUND, LLC** | Case No. 19-10387 (___) |
| **Debtor** | Tax I.D. No. 26-3043818 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **DIAGNOSTIC LABS HOLDINGS, LLC** | Case No. 19-10388 (___) |
| **Debtor** | Tax I.D. No. 80-0188024 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **FC PIONEER HOLDING COMPANY, LLC** | Case No. 19-10389 (___) |
| **Debtor** | Tax I.D. No. 81-4586683 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **JLMD MANAGER, LLC** | Case No. 19-10390 (___) |
| **Debtor** | Tax I.D. No. 80-0308470 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **KAN-DI-KI, LLC** | Case No. 19-10391 (___) |
| **Debtor** | Tax I.D. No. 95-2706100 |

2

| | |
|---|---|
| *In re* | Chapter 11 |
| **MAIN STREET CLINICAL LABORATORY, INC.** | Case No. 19-10392 (___) |
| **Debtor** | Tax I.D. No. 27-1150907 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **METROSTAT CLINICAL LABORATORY – AUSTIN, INC.** | Case No. 19-10393 (___) |
| **Debtor** | Tax I.D. No. 47-2674366 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **MX HOLDINGS, LLC** | Case No. 19-10394 (___) |
| **Debtor** | Tax I.D. No. 80-0308869 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **MX USA, LLC** | Case No. 19-10395 (___) |
| **Debtor** | Tax I.D. No. 26-3324885 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **NEW TRIDENT HOLDCORP, INC.** | Case No. 19-10396 (___) |
| **Debtor** | Tax I.D. No. 46-3064913 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **RELY RADIOLOGY HOLDINGS, LLC** | Case No. 19-10397 (___) |
| **Debtor** | Tax I.D. No. 36-4663284 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **SCHRYVER MEDICAL SALES AND MARKETING, LLC** | Case No. 19-10398 (___) |
| **Debtor** | Tax I.D. No. 84-1229620 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **SYMPHONY DIAGNOSTIC SERVICES NO. 1, LLC** | Case No. 19-10399 (___) |
| **Debtor** | Tax I.D. No. 95-3268980 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENT CLINICAL SERVICES HOLDINGS, INC.** | Case No. 19-10400 (___) |
| **Debtor** | Tax I.D. No. 46-1016262 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENT CLINICAL SERVICES HOLDINGS, LLC** | Case No. 19-10401 (___) |
| **Debtor** | Tax I.D. No. 46-1021255 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENTUSA FOOT CARE SERVICES LLC** | Case No. 19-10402 (___) |
| **Debtor** | Tax I.D. No. 35-2543787 |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENTUSA MOBILE CLINICAL SERVICES, LLC** | **Case No. 19-10403 (___)** |
| **Debtor** | **Tax I.D. No. 46-1030334** |
| *In re* | **Chapter 11** |
| **TRIDENTUSA MOBILE INFUSION SERVICES, LLC** | **Case No. 19-10404 (___)** |
| **Debtor** | **Tax I.D. No. 61-1705173** |
| *In re* | **Chapter 11** |
| **U.S. LAB & RADIOLOGY, INC.** | **Case No. 19-10405 (___)** |
| **Debtor** | **Tax I.D. No. 04-3304988** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) <u>AND BANKRUPTCY RULES 1005 AND 2002(n)</u>

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below. In support thereof, the Debtors refer to the contemporaneously filed *Declaration of David F. Smith, III Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First-Day Papers* (the "**First-Day Declaration**") and further represent as follows:

### RELIEF REQUESTED

1.       The Debtors respectfully request entry of an Order (a) directing the joint administration of the Chapter 11 Cases (as defined below) for procedural purposes only and (b)

waiving, to the extent not satisfied, the requirement of Bankruptcy Code section 342(c)(1) and

Bankruptcy Rule 2002(n) that the caption in the Chapter 11 Cases and certain notices list the

Debtors' tax identification numbers.

2.    In furtherance of the foregoing, the Debtors request that the official caption to be

used by all parties in all papers in the joint administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC, *et al.*,** | **Case No. 19-10384 (___)** |
| Debtors.[1] | **Jointly Administered** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

3.    In addition, the Debtors request that the Court make a separate docket entry on the

docket of the Chapter 11 Case of Trident Holding Company, LLC substantially as follows:

An order has been entered in this case consolidating this case with the case of Trident Holding Company, LLC, Case No. 19 - 10384 (_____), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19 - 10384 (___) should be consulted for all matters affecting this case.

## JURISDICTION AND VENUE

4.        This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.        The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

6.        On the date hereof (the "**Petition Date**") each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

7.        The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.        To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

9.        Trident is the leading national provider of bedside diagnostic and related services in the United States, with operations in more than 35 states serving more than 12,000 post-acute care, assisted living facilities, and correctional facilities. Trident provides a high volume of services – executing more than 1 million transactions per month, ranging from visits by x-ray technicians, ultrasound sonographers, registered nurses, nurse practitioners, and phlebotomists to serve its customers' patients. The Company's business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First-Day Declaration.

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

10.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b). The Debtors in these cases are "affiliates" of each other as that term is defined in Bankruptcy Code Section 101(2) and as used in Bankruptcy Rule 1015(b).[1]  Thus, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

11.     Moreover, the joint administration of the Chapter 11 Cases will promote the efficient administration of the cases by permitting the Clerk of the Court to use a single, general docket for the  cases and to combine notice to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that almost all of the motions, applications, hearings, and orders in the Chapter 11 Cases will jointly affect each of the Debtors. Moreover, the use of the simplified caption set forth above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

12.     Furthermore, joint administration will avoid the need for repetitive, duplicative, and potentially confusing notices, motions, and applications, and other filings thereby saving time and expense.  In particular, joint administration will permit counsel for the Debtors and for other parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in the Chapter 11 Cases.

---

[1]     A simplified corporate organization chart of the Debtors as of the Petition Date is attached as **Exhibit B**.

13.     The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought is purely procedural and will not affect parties' substantive rights.

14.     The Debtors reserve all rights to file a subsequent motion seeking authority to jointly administer their cases with additional cases if the circumstances warrant doing so.

15.     Under Bankruptcy Code section 342(c)(1), "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The proposed caption contains all of the required information, and, therefore, satisfies the terms of Bankruptcy Code section 342(c)(1).

16.     Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. *See* Bankruptcy Rules 1005, 2002(n). All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, if applicable, and the address of their U.S. headquarters. Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed claims and noticing agent, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

17.     To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by Bankruptcy Section 342(c)(1) and/or Bankruptcy Rule 2002(n) is warranted.

Including the Debtors' full tax identification numbers and other identifying information on each

notice and pleading would be unduly cumbersome, and may be confusing to parties in interest.

More importantly, waiver of such requirement is purely procedural in nature and will not affect

the rights of parties in interest, especially given that the Debtors propose to include in each

pleading they file and notice they mail, a footnote listing all of the Debtors, the last four digits of

their tax identification numbers, and the address of their U.S. headquarters.

18.    This and other courts have routinely granted similar relief in other cases.  *See*,

*e.g.*, *In re Synergy Pharmaceuticals, Inc.*, No. 18-14010 (JLG) (Bankr. S.D.N.Y. Dec. 14, 2018);

*In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018); *In re*

*Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII*

*Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Genco Shipping &*

*Trading Ltd.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014).[2]

19.    For the reasons set forth above, the Debtors respectfully submit that the relief

requested herein is in the best interests of the Debtors, their estates, their creditors, and other

parties in interest, and, therefore, should be granted.

## NOTICE

20.    Notice of this Motion will be given to: (a) the U.S. Trustee, (b) counsel to the

administrative agent under the Debtors' Prepetition Priority First Lien Facility and DIP Facility,

(c) counsel to the administrative agent under the Debtors' Prepetition First Lien Facility,

(d) counsel to the administrative agent under the Debtors' Prepetition Second Lien Facility,

(e) counsel to the investor representative under the Tranched PIK Notes, (f) counsel to the

---

[2]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are
available upon request.

investor representative under the Original PIK Note Facility, (g) the Internal Revenue Service,

(h) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors,

(i) the United States Attorney of the Southern District of New York, and (j) all parties entitled to

notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further

notice is required.

## NO PRIOR REQUEST

21.    No previous request for the relief sought herein has been made to this Court or

any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

The Debtors respectfully request that this Court enter the Order, substantially in

the form annexed hereto, granting the relief requested herein and such other and further relief as

may be just and proper.

Dated: February 10, 2019
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Paul D. Leake*
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (*pro hac vice* admission pending)
Justin M. Winerman (*pro hac vice* admission pending)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel to Debtors*
*and Debtors-in-Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **MDX-MDL HOLDINGS, LLC** | Case No. 19-10383 (___) |
| Debtor | Tax I.D. No. 90-0522605 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENT HOLDING COMPANY, LLC** | Case No. 19-10384 (___) |
| Debtor | Tax I.D. No. 47-2436396 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AMERICAN DIAGNOSTICS SERVICES, INC.** | Case No. 19-10385 (___) |
| Debtor | Tax I.D. No. 23-2722771 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **COMMUNITY MOBILE DIAGNOSTICS, LLC** | Case No. 19-10386 (___) |
| Debtor | Tax I.D. No. 94-3369341 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **COMMUNITY MOBILE ULTRASOUND, LLC** | Case No. 19-10387 (___) |
| Debtor | Tax I.D. No. 26-3043818 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **DIAGNOSTIC LABS HOLDINGS, LLC** | Case No. 19-10388 (___) |
| Debtor | Tax I.D. No. 80-0188024 |

| | |
|---|---|
| *In re*<br><br>**FC PIONEER HOLDING COMPANY, LLC**<br><br>**Debtor** | Chapter 11<br><br>Case No. 19-10389 (\_\_\_)<br><br>Tax I.D. No. 81-4586683 |

| | |
|---|---|
| *In re*<br><br>**JLMD MANAGER, LLC**<br><br>**Debtor** | Chapter 11<br><br>Case No. 19-10390 (\_\_\_)<br><br>Tax I.D. No. 80-0308470 |

| | |
|---|---|
| *In re*<br><br>**KAN-DI-KI, LLC**<br><br>**Debtor** | Chapter 11<br><br>Case No. 19-10391 (\_\_\_)<br><br>Tax I.D. No. 95-2706100 |

| | |
|---|---|
| *In re*<br><br>**MAIN STREET CLINICAL LABORATORY, INC.**<br><br>**Debtor** | Chapter 11<br><br>Case No. 19-10392 (\_\_\_)<br><br>Tax I.D. No. 27-1150907 |

| | |
|---|---|
| *In re*<br><br>**METROSTAT CLINICAL LABORATORY – AUSTIN, INC.**<br><br>**Debtor** | Chapter 11<br><br>Case No. 19-10393 (\_\_\_)<br><br>Tax I.D. No. 47-2674366 |

| | |
|---|---|
| *In re*<br><br>**MX HOLDINGS, LLC**<br><br>**Debtor** | Chapter 11<br><br>Case No. 19-10394 (\_\_\_)<br><br>Tax I.D. No. 80-0308869 |

2

| | |
|---|---|
| *In re* | Chapter 11 |
| **MX USA, LLC** | Case No. 19-10395 (___) |
| **Debtor** | Tax I.D. No. 26-3324885 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **NEW TRIDENT HOLDCORP, INC.** | Case No. 19-10396 (___) |
| **Debtor** | Tax I.D. No. 46-3064913 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **RELY RADIOLOGY HOLDINGS, LLC** | Case No. 19-10397 (___) |
| **Debtor** | Tax I.D. No. 36-4663284 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **SCHRYVER MEDICAL SALES AND MARKETING, LLC** | Case No. 19-10398 (___) |
| **Debtor** | Tax I.D. No. 84-1229620 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **SYMPHONY DIAGNOSTIC SERVICES NO. 1, LLC** | Case No. 19-10399 (___) |
| **Debtor** | Tax I.D. No. 95-3268980 |

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENT CLINICAL SERVICES HOLDINGS, INC.** | Case No. 19-10400 (___) |
| **Debtor** | Tax I.D. No. 46-1016262 |

3

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT CLINICAL SERVICES HOLDINGS, LLC** | **Case No. 19-10401 (___)** |
| **Debtor** | **Tax I.D. No. 46-1021255** |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENTUSA FOOT CARE SERVICES LLC** | **Case No. 19-10402 (___)** |
| **Debtor** | **Tax I.D. No. 35-2543787** |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENTUSA MOBILE CLINICAL SERVICES, LLC** | **Case No. 19-10403 (___)** |
| **Debtor** | **Tax I.D. No. 46-1030334** |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENTUSA MOBILE INFUSION SERVICES, LLC** | **Case No. 19-10404 (___)** |
| **Debtor** | **Tax I.D. No. 61-1705173** |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **U.S. LAB & RADIOLOGY, INC.** | **Case No. 19-10405 (___)** |
| **Debtor** | **Tax I.D. No. 04-3304988** |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES AND (II) WAIVING
REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1)
AND BANKRUPTCY RULES 1005 AND 2002(n)**

4

Upon the motion (the "**Motion**")[1] of the Debtors for an order (this "**Order**")

(i) directing joint administration of these cases and administratively consolidating the respective

Chapter 11 Cases of each Debtor for procedural purposes only and (ii) waiving the requirement

that the captions in the Chapter 11 Cases list the Debtors' tax identification numbers and certain

other information; and upon consideration of the First-Day Declaration; and the Court having

found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431,* dated January

31, 2012 (Preska, C.J.); and due and sufficient notice of the Motion having been given under the

particular circumstances; and it appearing that no other or further notice is necessary; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good

and sufficient cause appearing therefor; it is hereby;

### ORDERED, ADJUDGED, AND DECREED that:

1.      The Motion is GRANTED as set forth herein.

2.      Each of the above-captioned Chapter 11 Cases of the Debtors are hereby

consolidated for procedural purposes only and shall be jointly administered by the Court.

3.      Nothing contained in this Order shall be deemed or construed as directing or

otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

4.      The caption of the jointly administered cases shall read as follows:

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (___)** |
| Debtors.[1] | **Jointly Administered** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

5.     Each motion, application, and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Trident Holding Company, LLC, Case No. 19-10384 (___).

6.     A docket entry shall be made in the Chapter 11 Cases of Trident Holding Company, LLC substantially as follows:

An order has been entered in this case consolidating this case with the case of Trident Holding Company, LLC, Case No. 19-10384 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19-10384 (___) should be consulted for all matters affecting this case.

7.     The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all papers filed and each notice mailed by the

6

Debtors a footnote listing all of the Debtors, the last four digits of their respective tax

identification numbers, and the address of their corporate headquarters.

8.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

9.     This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019
        New York, New York

_____
        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Organizational Chart**

FC Pioneer Holding Company, LLC
Trident Holding Company, LLC
New Trident Holdcorp, Inc.
Schryver Medical Sales and Marketing, LLC
Trident Clinical Services Holdings, Inc.
MX Holding, LLC
Main Street Clinical Laboratory, Inc.
MetroStat Clinical Laboratory-Austin, Inc.
Trident Clinical Services Holdings, LLC
MX USA, LLC
TridentUSA Foot Care Services LLC
TridentUSA Mobile Clinical Services, LLC
Diagnostic Labs Holdings, LLC
TridentUSA Mobile Infusion Services, LLC
Symphony Diagnostic Services No. 1, LLC
American Diagnostics Services, Inc.
U.S. Lab & Radiology, Inc.
Rely Radiology Holdings, LLC
Kan-Di-Ki, LLC
JLMD Manager, LLC
Community Mobile Ultrasound, LLC
MDX-MDL Holdings, LLC
Community Mobile Diagnostics, LLC

